JOHN HAYES, Respondent, *v.* COHOES GAS LIGHT COMPANY, Appellant.

Third Department, May 8, 1918.

**Gas and electricity — negligence — damage caused by explosion of illuminating gas — failure of defendant to inspect service pipes after installation — evidence justifying verdict for plaintiff.**

Where in an action to recover for damages caused by an explosion of illuminating gas it appears that the plaintiff, desiring to install a gas stove on his premises, applied to the defendant gas company which agreed to provide, install and connect a meter, but that the employee of the defendant who alone had authority to install meters allowed a plumber employed by the plaintiff to do the work and thereafter failed to test or inspect the service pipes with a result that gas escaping from an uncapped pipe exploded, the negligence of the defendant is a question for the jury. A verdict for the plaintiff was justified upon the ground that the defendant was negligent in failing to inspect the service pipes before permitting the gas to be turned on, especially where the employee of the defendant did not delegate or attempt to delegate the duty of inspection to any other person.

APPEAL by the defendant, Cohoes Gas Light Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 2d day of January, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Andrew J. Nellis,* for the appellant.

*J. S. Carter,* for the respondent.

COCHRANE, J.:

This appeal involves the liability of the defendant for an explosion of illuminating gas. The defendant supplies gas to consumers. The Harmony Mills owns a house, part of which was occupied by a sister of plaintiff and her family with whom he resided, and the other part was occupied by a girls' club. The house was formerly illuminated by gas, but several months before the explosion the lighting system was changed from gas to electricity. The service pipes, however, were left in

the house. Gas continued to be supplied to a gas stove in the apartment occupied by the family. The owner of the house installed a gas stove in that portion which was occupied by the girls' club and applied to the defendant for gas to supply the stove. The arrangement between the owner and the defendant was that the stove and the connections therefrom to the point where the meter was to be installed should be provided by the owner, and that the defendant would provide and install and connect the meter. The defendant sent its representative Shear, whose duty it was to install meters, to the house with the meter to make the installation. It was the invariable rule of the defendant that nobody but Shear was to install meters. He found there a plumber in the regular employ of the Harmony Mills, who was making the connection between the stove and the place where the meter was to be installed. The work not being in readiness for the installation of the meter, Shear arranged with the plumber that the latter would install and connect the same. So the jury has found on conflicting evidence. Shear then left the meter on the premises and the same was installed by the plumber. No test or inspection was made of the service pipes within the house as to whether they were in a condition to receive the supply of gas. When the gas was turned on it escaped from an uncapped pipe which opened into one of the rooms occupied by the plaintiff's sister. The plaintiff endeavored to ascertain the source of the escaping gas and in doing so entered the room in question and lit a match for the purpose of making an investigation, when an explosion occurred and he was injured.

The case of *Schmeer* v. *Gas Light Co.* (147 N. Y. 529) is so analogous to this case in its material facts as to make extended discussion unnecessary. There as here the defendant supplied a meter which was installed and connected by the owner of the premises and it was held that the conduct of the defendant in admitting the gas into the house without an inspection of the piping presented a question for the consideration of a jury as to the defendant's liability to third parties.

It is now urged that Shear could not delegate to the owner of the building or its employee authority to install the meter.

Whether he could or not is immaterial. The meter was properly installed and it is of no consequence who did the work. The negligence of the defendant consists in permitting a dangerous substance to enter the house after the meter was installed without taking proper precautions to protect third parties. The ground of negligence was stated in the *Schmeer* case as follows: " Whether the company had failed to use such reasonable precautions as might properly be exacted of it before turning on the gas, or permitting it to be turned on by some third person." The case is as if Shear had himself installed and connected the meter and the defendant had thereafter neglected to inspect the service pipes throughout the house. No one claims to have made such inspection. No one claims that Shear delegated that duty or attempted to do so to any person. The negligence consists not in an act of commission by an unauthorized person, but in an act of omission by the defendant itself.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.